```
 1                    UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF OHIO
 2                   EASTERN DIVISION AT CLEVELAND


 3
      UNITED STATES OF AMERICA,       Case No. 1:16-cr-360
 4
                   Plaintiff,
 5
           vs.                        MONDAY, JULY 23, 2018
 6

 7    MARQUEL BROWN,

 8                   Defendant.

 9


10
                      TRANSCRIPT OF SENTENCING HEARING
11              HELD BEFORE THE HONORABLE CHRISTOPHER A. BOYKO
                       UNITED STATES DISTRICT JUDGE
12


13


14    APPEARANCES:

15    For the Plaintiff:        Vasile C. Katsaros,
                                Assistant United States Attorney
16


17
      For the Defendant:        Donald Butler, Esq.
18


19


20    Official Court Reporter:  Lance A. Boardman, RDR, CRR
                                United States District Court
21                              801 West Superior Avenue
                                Court Reporters 7-189
22                              Cleveland, Ohio 44113
                                216.357.7019
23


24
      Proceedings recorded by mechanical stenography; transcript
25    produced by computer-aided transcription.
```

| | | |
|---|---|---|
| 10:11:36 | 1 | (In Open Court.) |
| 10:11:54 | 2 | THE COURTROOM DEPUTY:  Your Honor, the case |
| 10:11:55 | 3 | before the Court this morning is United States of America |
| 10:11:57 | 4 | vs. Marquel Brown, Case Number 16-cr-360. |
| 10:12:03 | 5 | THE COURT:  Mr. Brown, you are present? |
| 10:12:05 | 6 | THE DEFENDANT:  Yes, sir. |
| 10:12:05 | 7 | THE COURT:  I just want to make sure you're |
| 10:12:07 | 8 | present. |
| 10:12:07 | 9 | THE DEFENDANT:  Yes, sir. |
| 10:12:07 | 10 | THE COURT:  Mr. Don Butler is here |
| 10:12:09 | 11 | representing you, Mr. Vasile Katsaros on behalf of the |
| 10:12:12 | 12 | Government. |
| 10:12:13 | 13 | MR. KATSAROS:  Good morning, Your Honor. |
| 10:12:13 | 14 | THE COURT:  Good morning. |
| 10:12:14 | 15 | Mr. Brian Laffin here from Probation. |
| 10:12:16 | 16 | We're here today for a sentencing. |
| 10:12:17 | 17 | Mr. Butler, would you please go to the podium with |
| 10:12:21 | 18 | Mr. Brown. |
| 10:12:34 | 19 | Mr. Butler, as always, I'll start with you. |
| 10:12:35 | 20 | Have you received a copy of the presentence |
| 10:12:37 | 21 | investigation report and had sufficient time to sit down |
| 10:12:39 | 22 | with Mr. Brown and go over it in detail? |
| 10:12:40 | 23 | MR. BUTLER:  Yes, Your Honor. |
| 10:12:41 | 24 | THE COURT:  Mr. Brown, I want to make sure |
| 10:12:42 | 25 | that you had sufficient time to sit down with Mr. Butler, go |

| | | |
|---|---|---|
| 10:12:45 | 1 | over this report in detail, and have him answer all of your |
| 10:12:48 | 2 | questions to your satisfaction. |
| 10:12:50 | 3 | Has that been done? |
| 10:12:51 | 4 | THE DEFENDANT:  Yes, Your Honor. |
| 10:12:52 | 5 | THE COURT:  Okay.  Mr. Butler, any objections |
| 10:12:55 | 6 | to the report itself? |
| 10:12:55 | 7 | MR. BUTLER:  No, Your Honor. |
| 10:12:56 | 8 | THE COURT:  Okay.  On behalf of Mr. Brown, |
| 10:12:58 | 9 | please go ahead. |
| 10:12:58 | 10 | MR. BUTLER:  Judge, I'd only indicate to the |
| 10:13:01 | 11 | Court that obviously we have an agreement that we have |
| 10:13:05 | 12 | entered into with the Government.  We would just ask that |
| 10:13:08 | 13 | you accept that agreement and impose the agreed sentence |
| 10:13:14 | 14 | that the parties have reached. |
| 10:13:16 | 15 | I would also indicate to the Court that my client, who |
| 10:13:20 | 16 | has been incarcerated for a substantial period of time |
| 10:13:23 | 17 | already, recognizes and accepts his responsibility in this |
| 10:13:29 | 18 | matter.  And from talking to him, I'm pretty sure he's |
| 10:13:35 | 19 | prepared to serve his sentence and return to his fiancee and |
| 10:13:40 | 20 | his newborn child and try to make his life more productive |
| 10:13:45 | 21 | and on the right side of the law, as opposed to where he |
| 10:13:49 | 22 | stands before this Court at this time. |
| 10:13:51 | 23 | Judge, when you look at his background, obviously he |
| 10:13:59 | 24 | has, like in a lot of defendants' position, had a hard time |
| 10:14:03 | 25 | growing up.  Obviously that's not an excuse.  But I think he |

| 10:14:08 | 1 | has met someone -- I have met her, and I believe she's a |
| 10:14:11 | 2 | nurse -- that has really I believe helped him turn his life |
| 10:14:17 | 3 | around.  And I think that's one of the reasons he entered |
| 10:14:23 | 4 | into this agreement, because he is trying to return to his |
| 10:14:29 | 5 | family that has now moved to the Columbus area and just do |
| 10:14:35 | 6 | the right thing. |
| 10:14:35 | 7 | We would ask the Court to take all that into |
| 10:14:38 | 8 | consideration. |
| 10:14:38 | 9 | THE COURT:  Thank you, Mr. Butler. |
| 10:14:39 | 10 | Mr. Brown, anything you wish to say? |
| 10:14:41 | 11 | THE DEFENDANT:  No, sir. |
| 10:14:42 | 12 | THE COURT:  Okay.  Mr. Katsaros on behalf of |
| 10:14:46 | 13 | the Government? |
| 10:14:46 | 14 | MR. KATSAROS:  Good morning, Your Honor. |
| 10:14:47 | 15 | THE COURT:  Good morning. |
| 10:14:47 | 16 | MR. KATSAROS:  Respectfully, Your Honor, |
| 10:14:50 | 17 | the -- we're going to request that you follow the |
| 10:14:54 | 18 | seven-month sentence that the parties are proposing. |
| 10:14:56 | 19 | THE COURT:  Seven-year? |
| 10:14:57 | 20 | MR. KATSAROS:  Seven-year, excuse me. |
| 10:14:58 | 21 | THE COURT:  Okay.  He wished. |
| 10:15:00 | 22 | MR. KATSAROS:  Seven-year sentence. |
| 10:15:02 | 23 | Just to give the Court sort of a background into where |
| 10:15:06 | 24 | that came from, Your Honor, a lot of it has to do with the |
| 10:15:09 | 25 | two convictions that make the defendant a career offender |

| | |
|---|---|
| 10:15:13 | 1 |
| 10:15:15 | 2 |
| 10:15:17 | 3 |
| 10:15:22 | 4 |
| 10:15:25 | 5 |

occurred when he was 19 years old and occurred within

approximately six months of each other.  That's one of the

reasons obviously, based upon his age at the time and the

nature of those offenses, that we felt like this potentially

was a reasonable or -- proposition to put before the Court.

     The other issue, Your Honor, is that there's a pending

argument in the Sixth Circuit regarding whether or not

potentially one of the defendant's convictions would still

be upheld.  It's an en banc case, United States vs. Brian

Williams.  That was argued in June.  There won't be a

decision until the fall.

     We felt like a waiver in reference to that in this

case, he's looking at 12 months without the career offender

designation.  His range is 151 to 188 with the career

offender designation.  We felt like a meeting in the middle

of those two potential outcomes, at least in terms of the

guidelines, at 84 months was a fair resolution.  And

respectfully, we'd ask that you impose that 84 months, Your

Honor.

               THE COURT:  Okay, Mr. Katsaros, thank you.

     Let's take a look at the report.

     Count 1 is distribution of controlled substances.

Count 4, distribution of controlled substances.  They are

both Class C felonies.

     There is a Rule 11(c)(1)(C) binding plea agreement

10:16:36  1  which we've heard of.

10:16:40  2       And pretrial adjustment.  He's been detained since his

10:16:43  3  arrest.

10:16:43  4       As far as the offense conduct, we have some detail in

10:16:48  5  the report itself, but basically it comes down to this.  You

10:16:50  6  pled guilty to two counts of distribution of a controlled

10:16:54  7  substance on two separate dates in 2016.  You sold

10:16:57  8  controlled substances containing Methylfentanyl and cocaine

10:17:00  9  to a confidential source.  That's a summary of what we have.

10:17:03  10  Again, a little more detail in the report itself, but that

10:17:05  11  will suffice.

10:17:05  12       Victim impact.  These are Title 21 offenses.  No

10:17:09  13  identifiable victims, but we do know that everyone pays when

10:17:13  14  drugs are distributed.

10:17:14  15       There's no information indicating defendant either

10:17:17  16  impeded or obstructed justice.

10:17:19  17       As far as acceptance of responsibility, I do have a

10:17:21  18  written statement from Mr. Brown dated 7/20/18 accepting

10:17:26  19  full responsibility, saying it was never his intention to

10:17:28  20  harm anyone.

10:17:29  21       All right.  Offense level computation.  2016 edition

10:17:35  22  of the guidelines manual was used.  Counts 1 and 4 are

10:17:38  23  grouped for guideline calculation purposes.  For count group

10:17:43  24  1, a base offense level 10 when you do the conversion for

10:17:47  25  the marijuana.  No specific offense characteristic.  No

10:17:50  1    victim-related adjustment.  No adjustment for role.  No

10:17:53  2    adjustment for obstruction.  Subtotal is 10.

10:17:56  3        The Chapter 4 enhancement, defendant was at least 18

10:18:00  4    years old at the time of the present offense of conviction.

10:18:03  5    Present offense is a felony which is a controlled substance,

10:18:06  6    and he has at least two prior felony convictions for a crime

10:18:10  7    of violence as set forth in paragraphs 44 and 45, both

10:18:13  8    felonious assault.  He's therefore a career offender, and

10:18:18  9    his offense level must be 32.

10:18:23  10       Acceptance of responsibility.  The Court will deduct

10:18:26  11   three levels.  He ends up with a total offense level of 29.

10:18:29  12       Defendant's criminal history.  No juvenile

10:18:31  13   adjudications.

10:18:33  14       Adult criminal convictions:  9/10/07, driving under

10:18:36  15   suspension, unlighted lights, no points; 11/18/08, driving

10:18:43  16   under suspension, license restriction, DUI, underage

10:18:47  17   consumption, one point; 7/17/08, offenses involving underage

10:18:53  18   consumption, no points; 9/19/08, disorderly conduct/intox,

10:18:57  19   no points; 9/3/09, felonious assault, Count 1, felonious

10:19:02  20   assault, Count 2, Count 3, offenses involving underage

10:19:07  21   persons.  That's two points.

10:19:08  22       Again, he was 19, as alluded to by Mr. Katsaros.

10:19:11  23   They're both, Counts 1 and 2, predicate offenses for the

10:19:15  24   career offender provision.

10:19:16  25       9/3/09, felonious assault, Count 1.  Count 2, having

10:19:22  1   weapons while under disability.  Add two points.  Okay.

10:19:29  2   Count 1 is a predicate offense for a career offender

10:19:33  3   provision.

10:19:33  4        12/6/10, obstructing official business, one point;

10:19:38  5   12/6/10, failure to reinstate, one point; 9/14/11, no

10:19:43  6   driver's license, zero points; 4/19/12, no driver's license,

10:19:47  7   no points; 4/5/12, disorderly conduct, no points.  And

10:19:52  8   8/23/12, no driver's license, one point; 1/2/14, failure to

10:19:57  9   reinstate license, no points; 8/20/15, driving under an FRA

10:20:02  10  suspension, no points; 9/6/2016, disorderly conduct, no

10:20:07  11  points; and 9/6/2016, operation of motor vehicle without a

10:20:13  12  valid license, no points.

10:20:15  13       Criminal history computation.  His subtotal is 8.

10:20:19  14  That is his score.  He's in a category 4.  The defendant is

10:20:23  15  a career offender, therefore under law his criminal history

10:20:25  16  category must be a VI.

10:20:27  17       Other criminal conduct.  Dismissed corrupting another

10:20:31  18  with drugs.  We have trafficking dismissed.

10:20:33  19       No pending charges.  We have a few other arrests that

10:20:36  20  were dismissed.  Seem to be pretty consistent with what

10:20:39  21  we've seen.

10:20:40  22       Offender characteristics.  Mr. Brown was born in 1989

10:20:44  23  in Elyria, one of seven children.  Father's a retired

10:20:49  24  factory worker.  Father does have a criminal record.

10:20:52  25  Mother's deceased.  He was raised by his parents in Elyria.

| | | |
|---|---|---|
| 10:20:57 | 1 | Good upbringing.  Drugs and crime were a part of his |
| 10:21:00 | 2 | environment.  No mental, physical, or sexual abuse.  He was |
| 10:21:04 | 3 | raised by his two brothers.  No violence in the home.  But |
| 10:21:08 | 4 | his father did use illegal drugs, crack and marijuana.  He |
| 10:21:12 | 5 | does not share a close relationship with his family because |
| 10:21:15 | 6 | everyone has split up.  And the family members are listed in |
| 10:21:19 | 7 | paragraph 68. |
| 10:21:20 | 8 | He says that all of his brothers and one of his |
| 10:21:23 | 9 | sisters have prior criminal records for drug convictions. |
| 10:21:26 | 10 | Mr. Brown's never been married.  Does have two |
| 10:21:29 | 11 | children.  Looks like child support is in order and he's in |
| 10:21:37 | 12 | arrears.  He has two children, ages 6 and 1.  Both children |
| 10:21:45 | 13 | in good physical health.  Did spend time with him prior to |
| 10:21:48 | 14 | being incarcerated.  Living with his girlfriend.  Never been |
| 10:21:54 | 15 | associated with or involved in a gang. |
| 10:21:57 | 16 | Physical condition.  Appears to be good. |
| 10:21:59 | 17 | Mental/emotional health.  He's had anxiety for a |
| 10:22:03 | 18 | significant portion of his life.  He was prescribed |
| 10:22:08 | 19 | antianxiety medication. |
| 10:22:09 | 20 | Substance abuse.  Looks like marijuana, Percocet, |
| 10:22:13 | 21 | Xanax.  No form of substance abuse treatment during the past |
| 10:22:19 | 22 | 10 years.  Once he completed supervision, he did start using |
| 10:22:23 | 23 | again.  He states he comes from a family of addicts and |
| 10:22:27 | 24 | drugs are prevalent in the neighborhood.  He would like to |
| 10:22:30 | 25 | participate in treatment while incarcerated. |

10:22:34  1    He obviously hasn't been drug tested since being

10:22:38  2  incarcerated.

10:22:38  3    Educational/vocational/special skills.  Attended

10:22:42  4  Elyria High till the end of 9th grade.  Removed during 10th

10:22:46  5  grade over behavioral issues that were not school-related.

10:22:50  6    Employment.  Never been gainfully employed.  Worked

10:22:53  7  under the table for his brother's cleaning business but

10:22:56  8  never held a full- or part-time job.

10:22:58  9    Financial condition.  No income or assets of any kind.

10:23:03  10  Would lead us to conclude he does not have the ability to

10:23:05  11  pay a fine in this case.

10:23:07  12    Sentencing options.  Under the statute for Count 1,

10:23:10  13  the maximum is 20 years.  Same thing for Count 4.  Under the

10:23:14  14  guidelines, based upon a total offense level of 29 and a

10:23:21  15  category VI, his range is 151 to 188 months.

10:23:24  16    Impact of plea agreement.  There's a binding plea

10:23:27  17  agreement.  If the Court adopts the terms, the term of

10:23:30  18  imprisonment will be 84 months.  If not, of course, I'll

10:23:34  19  allow him to withdraw his guilty plea.

10:23:36  20    Supervised release.  Under the statute, Count 1, it's

10:23:41  21  at least three years.  Same thing for Count 4.  They run

10:23:44  22  concurrently.  Under the guidelines Counts 1 and 4, three

10:23:49  23  years' probation.  Count 1, ineligible because it's a Class

10:23:55  24  C -- excuse me, he is eligible.  One to five years because

10:23:59  25  it's a Class C felony, with conditions.  Same thing with

10:24:04  1   Count 4.

10:24:05  2        Under the guidelines, because he falls in zone D, as

10:24:11  3   in David, of the sentencing table, ineligible for probation.

10:24:15  4        The mandatory conditions of probation and supervised

10:24:18  5   release are set forth on page 20, which defendant is

10:24:22  6   apprised of via this report.  Mandatory drug testing will

10:24:26  7   apply unless the Court finds, based upon reliable sentencing

10:24:30  8   information, that Mr. Brown would indicate a low risk of

10:24:34  9   future substance abuse.

10:24:35  10       Fines.  Under the statute for both Counts 1 and 4, the

10:24:39  11  max is $1 million.

10:24:41  12       Special assessment of $100 per count is mandatory.

10:24:45  13       Under the guidelines, his fine range is 30,000 to 1

10:24:49  14  million.

10:24:49  15       Paragraph 97 gives us the factors the Court must

10:24:53  16  consider in determining the amount of any fine or costs to

10:24:57  17  impose.  I'll find those to be irrelevant based upon his

10:25:00  18  inability to pay.

10:25:01  19       Restitution's not an issue in this case, and Federal

10:25:06  20  benefits may be denied under both the statute and guidelines

10:25:09  21  for drug-related offenses.

10:25:12  22       Page 22 starts out the standard conditions of

10:25:15  23  probation and supervised release.  That goes to page 23.

10:25:20  24  Special conditions of supervision start on page 23, go to

10:25:25  25  24, and defendant is apprised of all of these again via this

| | |
|---|---|
| 10:25:28 | 1 |
| 10:25:29 | 2 |
| 10:25:34 | 3 |
| 10:25:37 | 4 |
| 10:25:40 | 5 |
| 10:25:40 | 6 |
| 10:25:43 | 7 |
| 10:25:46 | 8 |
| 10:25:48 | 9 |
| 10:25:53 | 10 |
| 10:25:57 | 11 |
| 10:25:58 | 12 |
| 10:26:02 | 13 |
| 10:26:02 | 14 |
| 10:26:05 | 15 |
| 10:26:09 | 16 |
| 10:26:11 | 17 |
| 10:26:14 | 18 |
| 10:26:16 | 19 |
| 10:26:18 | 20 |
| 10:26:21 | 21 |
| 10:26:23 | 22 |
| 10:26:26 | 23 |
| 10:26:29 | 24 |
| 10:26:32 | 25 |

report.

Factors that may warrant departure.  Mr. Clements was the author of this report, and he has not identified any factors as possible grounds for a departure outside of the range.

Factors that may warrant a sentence outside the system, i.e., a variance.  We start with the Court's job, which is to impose a sentence sufficient but not greater than necessary to comply with the 3553(a) factors.  In making this determination, we look at the nature and circumstances of the offense, history and characteristics of the defendant, the need for the sentence imposed, and kinds of sentences available.

Again, Mr. Clements has not identified any factors as possible grounds for a variance outside of the range.

There appear to be no unresolved objections by either the Government or the defense, so we can move on to the 3553(a) factors.

The Court has already gone over the nature and circumstances of the offense when I briefly addressed the offense conduct.  No need to repeat for that.

History and characteristics of the defendant.  We've covered all of this.  We take a look at any prior record, any violence, physical abuse, diminished capacity, employment, age, substance abuse, and family ties.  I think

10:26:36   1    the only thing we didn't discuss is diminished capacity, and

10:26:40   2    there's certainly no evidence of that.

10:26:41   3         Need for sentence imposed.  I'll come back to that

10:26:45   4    when I actually sentence him.

10:26:47   5         Sentencing disparities.  We look at defendants with

10:26:49   6    similar records and conduct, look at the U.S. sentencing

10:26:52   7    commission data.  The average sentence nationally for a

10:26:57   8    defendant with a Criminal History Category VI who is

10:27:00   9    convicted of a drug trafficking offense and is a career

10:27:02   10    offender is 139 months.  Again, that would be the national

10:27:06   11    average for someone in a similar position as Mr. Brown.

10:27:10   12         Restitution does not apply.

10:27:13   13         We'll come back to the final category, which is need

10:27:15   14    for sentence imposed.  And we look at just punishment,

10:27:18   15    afford adequate deterrence, protect the public, reflect the

10:27:21   16    seriousness of the offense, and improve offender conduct and

10:27:25   17    condition.

10:27:25   18         Mr. Brown, I always start with that last one, which is

10:27:28   19    improve offender conduct and condition.  I think it's

10:27:31   20    important that you work on yourself.  You seem to be headed

10:27:35   21    in the right direction, at least mentally and with your

10:27:38   22    attitude that you're going to be a productive citizen when

10:27:41   23    all this is said and done and hopefully have a stable

10:27:44   24    relationship when you come out and have some vision of what

10:27:47   25    you want to do and what you want to become.  So that's --

10:27:50   1   it's important to focus on that because if you do, it's a

10:27:53   2   win-win.  You improve yourself, you stay out of the system,

10:27:56   3   and society's protected from any crimes.  So that's why it's

10:27:59   4   important.  And I always start with that.

10:28:01   5       We look at the other factors:  Just punishment,

10:28:04   6   deterrence, protect the public, reflect the seriousness of

10:28:07   7   the offense.

10:28:08   8       It's always serious when drugs are distributed.  We

10:28:10   9   all know that.  You have to protect the public from these

10:28:13  10   type of crimes because it just eats away at our society.  We

10:28:18  11   have to deter others from doing the same.

10:28:20  12       And what's just punishment?  I would agree with the

10:28:22  13   approach taken by the Government.  Mr. Katsaros outlined

10:28:26  14   that.  Considering the fact that you had those felonious

10:28:27  15   assaults when you were younger, you know, age 19, your

10:28:32  16   capacity for thinking isn't fully developed at that point.

10:28:35  17   So you're a little more reckless and wild at that age.

10:28:39  18       And also the fact that this -- the law is always in

10:28:42  19   flux when it comes to what are predicate offenses and crimes

10:28:46  20   of violence and controlled substances.  It's always been in

10:28:49  21   flux and still is.  And so all that was I think reasonably

10:28:53  22   taken into consideration, striking this deal with you for

10:28:56  23   the 84 months, so I do find that to be reasonable.  And I

10:28:59  24   will find that recommended sentence to be reasonable.

10:29:02  25       So let's go ahead and sentence you.

10:29:05   1          All right.  Mr. Brown, it's the judgment of this Court

10:29:08   2   that you are committed to the custody of the Bureau of

10:29:10   3   Prisons for a term of 84 months on each count, to be served

10:29:14   4   concurrently.

10:29:15   5          Upon release from imprisonment you'll be placed on

10:29:17   6   supervised release for a term of three years.  That's three

10:29:20   7   years on Count 1, three years on Count 4, to run

10:29:24   8   concurrently.

10:29:24   9          Within 72 hours of release from the custody of the

10:29:26  10   Bureau, you'll report in person to the U.S. Probation Office

10:29:29  11   in the sentencing district or in the district to which you

10:29:32  12   are released.

10:29:33  13          I'll waive the fine based upon an inability to pay.

10:29:36  14          $100 special assessment per count, $200 due

10:29:41  15   immediately to the United States.  I have no authority to

10:29:43  16   waive that.

10:29:44  17          Restitution is not an issue.

10:29:46  18          While on supervision you'll comply with the mandatory

10:29:48  19   and standard conditions adopted by this Court set forth in

10:29:52  20   part D of the report and with the following additional

10:29:55  21   conditions:

10:29:57  22          You must refrain from any unlawful use of a controlled

10:30:00  23   substance, submit to one drug test within 15 days of release

10:30:04  24   from imprisonment and to at least two periodic drug tests

10:30:06  25   thereafter as determined by the Court.

10:30:10  1    You'll participate in an approved program of substance
10:30:13  2  abuse testing and/or outpatient or inpatient substance abuse
10:30:16  3  treatment as directed by Probation and abide by the rules of
10:30:20  4  the program.  The probation officer will supervise your
10:30:22  5  participation in the program, and you'll not obstruct or
10:30:26  6  attempt to obstruct or tamper in any fashion with the
10:30:29  7  efficiency and accuracy of any prohibited testing.

10:30:33  8    I will also recommend the institutional 500-hour RDAP
10:30:37  9  program.  It's the best in the country.  Hopefully you'll
10:30:40  10  successfully complete that if you are qualified to do so.
10:30:44  11  If not, the most intensive for which you do qualify.

10:30:48  12    You must undergo a mental health evaluation and
10:30:51  13  participate in mental health treatment and follow the rules
10:30:53  14  of the program.  The probation officer in consultation with
10:30:57  15  the provider will supervise your participation in the
10:31:00  16  program.  And again, institutional also.

10:31:02  17    And you must submit your person, property, house,
10:31:05  18  residence, vehicle, papers, computers, and other electronic
10:31:10  19  communications or data storage devices or media or office to
10:31:14  20  a search conducted by the U.S. Probation officer.  Failure
10:31:17  21  to submit to a search may be grounds for revocation of
10:31:20  22  release, which means you could go back to prison.  You must
10:31:23  23  warn any other occupants that the premises may be subject to
10:31:29  24  searches under this condition.  And the probation officer
10:31:31  25  may conduct a search under this condition only when

10:31:34  1    reasonable suspicion exists that you have violated a

10:31:36  2    condition of supervision and that the areas to be searched

10:31:40  3    contain evidence of this violation.  Any search must be

10:31:43  4    conducted at a reasonable time and in a reasonable manner.

10:31:48  5         And you must enter an adult program and obtain your

10:31:52  6    certificate of General Educational Development.  That is

10:31:54  7    your GED.

10:31:55  8         All right.  I believe that's all I have.  Mr. Butler,

10:32:01  9    I assume there's no objection to the sentence.

10:32:03  10                   MR. BUTLER:  No, Your Honor.

10:32:04  11                   THE COURT:  And again, he waives the reading

10:32:06  12   of his appellate rights?

10:32:07  13                   MR. BUTLER:  Correct, Your Honor.

10:32:07  14                   THE COURT:  Okay.  Any additions, comments, or

10:32:09  15   objections that we have not covered, Mr. Butler?

10:32:12  16                   MR. BUTLER:  No, Your Honor.

10:32:13  17                   THE COURT:  Okay.

10:32:14  18                   MR. BUTLER:  We'd just ask the Court, one, for

10:32:17  19   a recommendation for Elkton.

10:32:19  20        And I believe you indicated that he should -- if I

10:32:24  21   understood it correctly, the drug treatment program that's

10:32:28  22   initiated or carried out in the institution?

10:32:30  23                   THE COURT:  Correct.

10:32:31  24                   MR. BUTLER:  We would ask for that as well.

10:32:32  25                   THE COURT:  Right.  And that will be ordered.

| | | |
|---|---|---|
| 10:32:34 | 1 | MR. BUTLER:  Thank you. |
| 10:32:34 | 2 | THE COURT:  Okay.  Mr. Katsaros, anything on |
| 10:32:37 | 3 | behalf of the Government? |
| 10:32:38 | 4 | MR. KATSAROS:  I respectfully ask the Court to |
| 10:32:40 | 5 | dismiss Counts 2, 3, and 5, Your Honor. |
| 10:32:42 | 6 | THE COURT:  And that is granted. |
| 10:32:44 | 7 | Mr. Laffin, anything else? |
| 10:32:47 | 8 | PROBATION OFFICER LAFFIN:  No, Your Honor. |
| 10:32:48 | 9 | THE COURT:  Mr. Brown, the Bureau of Prisons |
| 10:32:50 | 10 | will profile you and determine whether your profile fits |
| 10:32:53 | 11 | Elkton.  If it does, they can send you there.  If not, |
| 10:32:56 | 12 | anywhere in the country.  It's their ball game. |
| 10:32:58 | 13 | You understand? |
| 10:32:59 | 14 | THE DEFENDANT:  Yes. |
| 10:32:59 | 15 | THE COURT:  Okay.  Thanks everyone.  We are |
| 10:33:01 | 16 | adjourned. |
| 10:33:02 | 17 | MR. BUTLER:  Thank you, Judge. |
| 10:33:02 | 18 | (Proceedings adjourned at 10:33 a.m.) |
| | 19 | * * * * * |
| | 20 | |
| | 21 | **C E R T I F I C A T E** |
| | 22 | |
| | 23 | I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter prepared from my stenotype notes. |
| | 24 | |
| | 25 | */s/ Lance A. Boardman*_____   *04/17/2019* Lance A. Boardman, RDR, CRR                DATE |