## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | | |
|---|---|---|---|
| MARQUEL BROWN, | ) | CASE NO. | 1:16CR360 |
| | ) | | 1:19CV571 |
| Defendant-Petitioner, | ) | | |
| | ) | JUDGE CHRISTOPHER A. BOYKO | |
| vs. | ) | | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | OPINION AND ORDER | |
| | ) | | |
| Plaintiff-Respondent. | ) | | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant's Motion to Vacate his Sentence under 28 U.S.C. § 2255. (Doc. 60). For the following reasons, Defendant's Motion is **GRANTED, IN PART**.

### I. BACKGROUND FACTS

On November 9, 2016, a Grand Jury indicted Defendant with various counts relating to narcotics trafficking. On March 7, 2018, Defendant executed a Plea Agreement (Doc. 52) and pleaded guilty to two counts of Distribution of a Controlled Substance, violations of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

Relevant for the claims here, the Plea Agreement contains the following provisions: 1) the agreement acknowledged that the advisory Guideline Range would not be determined until the time of sentencing and after the U.S. Probation Office prepared a presentence report; 2) the parties stipulated to a sentence of 84 months; and 3) Defendant waived certain appellate rights, including the right to appeal the sentence based on two specified cases pending before the Sixth Circuit at the time of the plea. (*Id.* at PageID: 238-40).

On July 23, 2018, the Court adopted the parties' recommendation and sentenced Defendant to 84 months imprisonment. (*See* Doc. 58). Defendant did not appeal the Court's Sentence.

Instead, on March 14, 2019, Defendant filed his original Motion under 28 U.S.C. § 2255. The Government responded on May 23, 2019. On August 15, 2019, the Court granted leave for Defendant to amend his Motion. On August 19, 2019, Defendant filed his Traverse and later, on September 16, 2019, Defendant filed an Addendum to his Traverse.

## II. LAW & ANALYSIS

**A.    Standard of Review**

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

Defendant's claims for relief revolve around his career-offender designation under USSG § 4B1.1 and the Sixth Circuit's *en banc* decision in *United States v. Burris*, 912 F.3d 386 (6th Cir. 2019). At the time of his decision to plead guilty, Defendant faced one of two outcomes: 1)

the likely designation as a career-offender, which meant a Guideline Range of 151 to 188 months imprisonment; or 2) no designation as a career-offender, which meant a Guideline Range of 15 to 21 months.[1] Also at the time, *Burris* was pending before the Sixth Circuit, which considered whether felonious assault offenses in Ohio constituted predicate offenses for career-offender purposes. The outcome of *Burris* would have impacted Defendant's career-offender designation. Both parties (properly) refrained from predicting the outcome of *Burris*. The parties did however, strike a bargain—to recommend a binding sentence of 84 months, which reflected the median of the two potential outcomes described above. After a thorough review of his options, Defendant accepte the Plea Agreement and the 84 months, as it "brings certainty in" his life. (Doc. 66, PageID: 379).

Defendant now claims however, that he is not a career offender and *Burris*—decided after Defendant's sentencing—supports his position. The problem for Defendant is that his Plea Agreement contains a waiver to appeal his Sentence based on *Burris* and its progeny.

In order to avoid this waiver, Defendant argues his counsel provided ineffective assistance during the plea process and that Defendant entered into the Plea Agreement unknowingly and involuntarily. For the reasons discussed below, both claims are without merit.

His last claim involves counsel's ineffective assistance by neglecting to file a Notice of Appeal. This ground for relief, as discussed below, warrants additional consideration.

**B.      Ground One – Ineffective Assistance of Counsel During Plea Process**

In his first Ground for Relief,[2] Defendant claims counsel provided him ineffective assistance during the plea process. At the crux of his claim, Defendant is upset counsel did not

---

[1] Both calculations factor in Defendant's acceptance of responsibility. (Doc. 66, PageID: 374).

[2] Defendant's Amended Petition contains two claims: 1) that counsel was ineffective during the plea bargaining stage when he failed to detail the dynamics of accepting the Government's agreement versus rejecting it; and 2) that

- 3 -

provide him with the exact Guideline Range for Sentencing. According to Defendant, counsel could have made different strategic decisions and should have advised Defendant of the availability of an "open plea."

The Government disagrees with this position. According to the Government, the record demonstrates that Defendant knew there was no agreement on his Guideline Range and that his range would not be decided until the Probation Office prepared a pre-sentence report. This was thoroughly discussed with Defendant on the record. Moreover, the Court sentenced Defendant to the agreed upon term of imprisonment.

The Court agrees with the Government. To prevail on his claims of ineffective assistance of counsel, Defendant "must meet the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984), and subsequently tailored to the guilty-plea context, *see Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012)." *Rodriguez-Penton v. United States*, 905 F.3d 481, 486 (6th Cir. 2018). Under the performance prong, Defendant must show "that counsel's representation fell below an objective standard of reasonableness." *Lafler*, 566 U.S. at 163. Under the prejudice prong, and in the context of pleas, Defendant "must show the outcome of the plea process would have been different with competent advice." *Id.*

Here, Defendant has not demonstrated that his counsel's performance "fell below an objective standard of reasonableness." "There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance.'" *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689). As such, "counsel's competence…is presumed." *Id.* at 384. A defendant then must rebut this presumption by

---

counsel was ineffective when he failed to advise that an alternative option to accepting the Government's plea agreement or proceeding to trial existed and that failure to advise of open plea option was prejudicial. (Doc. 69). Due to their similarity, the Court will analyze both claims together.

"proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Id.* at 381.

Defendant has not rebutted the presumption of counsel's competence. Even if he wanted to, counsel could not advise Defendant of his specific Guideline Range. The Court requires the U.S. Probation Office to prepare a Presentence Report prior to calculating Defendant's Guideline Range. The parties are then afforded an opportunity to object to the proposed calculation. Only then does the Court make a ruling on a defendant's advisory guideline range. Both the Plea Agreement (Doc. 52, PageID:238) and the Court's exchange with Defendant thoroughly explained this process. (Doc. 66, PageID: 365-69). Defendant understood this process as explained to him. (*Id.* at Doc. 367-68). Accordingly, applying the proper deference to counsel's actions, Defendant has not demonstrated that counsel's performance was objectively unreasonable.

Nor has Defendant demonstrated that he has suffered any prejudice. When a defendant alleges ineffective assistance of counsel while leading up to his guilty plea, he must also show that the plea process would have ended differently. *Lafler*, 566 U.S. at 163.

Defendant has not made this showing. Even if counsel had to provide a specific guideline range, the Court did not sentence Defendant based on the Guideline Range. Rather, the Court imposed a sentence in line with the parties' agreement. The Court determined Defendant earned the designation as a career-offender. (Doc. 65, PageID: 351). As a career offender, Defendant faced a Guideline Range of 151 to 188 months. (*Id.* at PageID: 349). However, the Court imposed the sentence the parties agreed to in the Plea Agreement, 84 months. (*Id.* at PageID: 359). The record demonstrates that Defendant was fully informed of his options and chose the "certainty" of seven years.

Similarly, even if counsel unreasonably failed to inform Defendant of the "open plea" option, counsel's failure did not prejudice Defendant. The Court specifically advised Defendant he had the option to plead to the Indictment without an agreement. (Doc. 66, PageID: 366-67). The Court then thoroughly explained the intricacies behind an open plea. (*Id.*). Initially, Defendant chose the option for an open plea. (*Id.* at 370). But, after the Government and defense counsel explained that Defendant would forfeit an agreement to a specific sentence, Defendant changed his mind. (*Id.* at 372-79). Thus, Defendant was well-aware of his option to plea to the Indictment without an agreement. However, he knowingly and voluntarily chose the Plea Agreement option.

Finally, Defendant's idea of what counsel "should have done" has no merit. Defendant claims counsel should have asked for a pre-plea presentence report or waited until the Sixth Circuit's decision in *Burris*. However, Defendant overlooks the fact that a pre-plea report was previously created and Defendant disagreed with its findings. (*See* Doc. 17). Thus, there is reason to believe that Defendant would have disapproved of a similar report. Furthermore, there is no indication that the Government would have been willing to wait for the Sixth Circuit decision like Defendant wanted. While Defendant is entitled to effective representation during plea negotiations, he is not entitled to a plea agreement. *Rodriguez-Penton*, 905 F.3d at 489. The plea took place almost one year before *Burris* was ultimately decided.

Accordingly, Defendant has not shown he suffered any prejudice due to counsel's perceived errors. Defendant's Ground One is without merit.

**C.      Ground Two – Misinformed Sentence**

Defendant's second Ground for Relief builds on Ground One. In Ground Two, Defendant claims that he is not a career offender and the Court improperly sentenced him as a

career offender. He claims that, since his plea was involuntary, Defendant can attack his Sentence. The Government claims Defendant's argument is foreclosed by the waiver Defendant signed in his Plea Agreement.

The Court agrees with the Government. "It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United State v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)). The necessary condition of a valid waiver however, "is that the defendant enter into the agreement knowingly and voluntarily." *Id.* at 764. A waiver of appeal rights then "may be challenged on the grounds that it was not knowing and voluntary." *United States v. Atkinson*, 354 Fed. App'x 250, 252 (6th Cir. Dec. 3, 2009). It can also be attacked on the grounds that it "was the product of ineffective assistance of counsel." *Id.* Subsequent changes in the law however, do not "render an appellate waiver unknowing or involuntary, even if the defendant or petitioner would not have agreed to the waiver had he known about the subsequent change." *Vowell v. United States*, 938 F.3d 260, 267 (6th Cir. 2019) (citing *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005)).

As discussed above, Defendant's plea was not the result of ineffective assistance of counsel. And as a threshold matter, the Court did not sentence Defendant as a career-offender. While it is true that the Court found Defendant to be a career-offender due to his criminal history, the Court sentenced Defendant in accordance with the parties' agreement of 84 months. As a career-offender, Defendant faced a range of 151 to 188 months. The Court imposed the agreed upon 84-months. Accordingly, Defendant's Sentence was not based on his career-offender designation.

Nor was Defendant's plea unknowing or involuntary. At the Change of Plea Hearing, the Court thoroughly walked through Defendant's options as well as the Plea Agreement. Defendant knowingly and voluntarily accepted the Plea Agreement after considering all his options. Defendant made representations that he understood what he was doing. He also represented his satisfaction with counsel. These sworn statements carry a strong presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity"). And Defendant's current allegation that he protested the plea is not supported by the Record.

Moreover, the Court did not coerce Defendant into accepting the plea. As he did previously, Defendant misquotes the Court's statement of "you'll get hammered." The Court had previously explained the context of the discussion (Doc. 24) and reiterates it here. As the Sixth Circuit has determined, a court does not coerce a defendant into a sentence by explaining the possibility of a longer sentence than that offered. *United States v. Brown*, 96 Fed. App'x 380, 382 (6th Cir. Apr. 29, 2004).

Finally, even if *Burris* favored Defendant—it does not—the subsequent change in law does not make his sentence statutorily excessive. While a Defendant cannot challenge an appellate waiver based on a change of law, defendants may challenge a statutorily excessive sentence on a change of law. *Vowell*, 938 F.3d at 268. Defendant here pleaded guilty to violating 21 U.S.C. § 841(a)(1) and (b)(1)(C). He faced a statutory maximum term of imprisonment of twenty years imprisonment. 21 U.S.C. § 841(b)(1)(C). The Court imposed a term of seven years. Thus, since Defendant received a sentence less than the statutory maximum, Defendant cannot challenge his sentence as being statutorily excessive.

Accordingly, because Defendant entered the plea knowingly and voluntarily, the post-conviction waiver remains in place. Defendant's Ground Two is thus without merit.

**D.      Ground Three – Ineffective Assistance of Counsel Concerning a Notice of Appeal**

Lastly, Defendant claims his counsel did not consult with him about the possibility of appealing the Court's Judgment. He swears he "advised counsel of his desire to have an appeal filed" but counsel neglected to follow Defendant's desires. (Doc. 73, PageID: 451). The Government claims that this does not demonstrate Defendant clearly wanted to appeal the Sentence. Moreover, the Government argues any appeal would have been meritless because the Court imposed the agreed-upon sentence. This is supported by the fact that Defendant has not put forward any meritorious appellate claims.

*Strickland* applies to claims that counsel was ineffective for failing to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In situations where the defendant clearly asks counsel to file an appeal—even when a valid appellate waiver is in place—the law is clear: counsel provides ineffective assistance if he does not file an appeal. *Garza v. Idaho*, 139 S.Ct. 738, 746-47 (2019). And in those situations, where an appellate proceeding is completely forfeited, prejudice is presumed. *Flores-Ortega*, 528 U.S. at 483; *Garza*, 139 S.Ct. at 747.

What is less clear is when a defendant does not specifically instruct his counsel to file a notice of appeal. *Flores-Ortega*, 528 U.S. at 478. In such a case, the court must look at the totality of the circumstances to determine if counsel consulted with defendant about the possibility of an appeal. *Id.* at 480. Importantly however, there is no bright-line rule that counsel must always consult with a defendant concerning an appeal. *Id.* ("We therefore reject a bright-line rule that counsel must always consult with the defendant regarding an appeal").

In such circumstances, a defendant must show prejudice by demonstrating that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. However, "a defendant's inability to 'specify the points he would raise were his right to appeal reinstated' will not foreclose the possibility that he can satisfy the prejudice requirement where there are other substantial reasons to believe that he would have appealed." *Id.* at 486 (quoting *Rodriguez v. United States*, 395 U.S. 327, 330 (1969)).

Whether a defendant affirmatively expresses a desire for an appeal is pivotal to a claim of ineffective assistance of counsel, and the district court "must conduct an evidentiary hearing to determine if [the defendant] in fact expressed the desire for an appeal[.]" *Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012); *see also Pola v. United States*, 778 F.3d 525, 532 (6th Cir. 2015) (A properly raised claim that an attorney failed to file a notice of appeal upon request must be resolved by an evidentiary hearing to determine the exact nature of the request).

Here, Defendant's argument morphs over the course of his pleadings. Initially, Defendant criticizes counsel for not consulting with him about an appeal. (Doc. 60-1, PageID: 333). Later, Defendant claims he "advised counsel of his desire to have an appeal filed." (Doc. 73, PageID: 451). While this change of argument affects Defendant's credibility, the Government offers no evidence to rebut these allegations. The Government does not even provide an affidavit from counsel refuting the claim.[3] Rather, the Government relies on argument in saying Defendant has not adequately demonstrated that he wanted to appeal the sentence. And while Defendant waived a reading of his appellate rights on the Record, there is no indication in the Record whether he directed his counsel to file a notice of appeal.

---

[3] The Court notes however, that even considering competing affidavits, an evidentiary hearing may still be necessary. *Pola*, 778 F.3d at 534.

In typical circumstances then, the Court would hold an evidentiary hearing to determine if Defendant "affirmatively expressed his desire for an appeal." *Campbell*, 686 F.3d at 360. However, our country and this Court find themselves in atypical circumstances. The COVID-19 pandemic has brought the normal operations of the Court to a halt. On May 22, 2020, the Northern District of Ohio extended its General Order to continue all criminal trials to no earlier than August 1, 2020. *See* General Order 2020-08. The District has closed its Courthouses and has instituted measures to protect the public. Jails and prison facilities have done the same. Removing Defendant from his facility and assembling the necessary parties before the Court for an evidentiary hearing now is both unsafe and unwise.

Defendant however, is entitled to a decision on his Motion. When the record cannot support a decision on the merits, an evidentiary hearing must be held promptly. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003). Moreover, the court must appoint counsel to assist a pro se prisoner with the hearing. Rule 8(c), Rules Governing § 2255 Proceedings. But again, these typical procedures are impacted by COVID-19 and the District's proper responses.

Therefore, the Court will forego the evidentiary hearing and grant Defendant relief on his third Ground for Relief. "Section 2255 'gives district judges wide berth in choosing the proper scope of post-2255 proceedings.'" *Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013) (quoting *United States v. Jones*, 114 F.3d 896, 897 (9th Cir. 1997)). The proper relief here is allowing Defendant the opportunity for a delayed appeal. *See Racey v. United States*, 2020 WL 1977120 (E.D. Tenn. Apr. 24, 2020) (granting defendant's § 2255 motion based on counsel's failure to file a notice of appeal and authorizing a delayed appeal as proper remedy). The Court will also appoint counsel to consult with Defendant about filing an appeal. This remedy provides

Defendant prompt relief while also being mindful of judicial resources and the current state of the Nation.

### III. CONCLUSION

Because the Court cannot timely hold an evidentiary hearing due to COVID-19, the Court **GRANTS** Defendant limited relief on his third Ground for relief. The Court **VACATES** its judgment and immediately **REIMPOSES** the same Judgment in order to restart Defendant's time for appeal. Moreover, the Court **APPOINTS** an attorney from the Criminal Justice Act panel to assist Defendant in filing a Notice of Appeal.

Importantly however, the Court **DENIES** Defendant's first and second Grounds for Relief. Defendant's counsel provided competent assistance to Defendant during the plea process. Additionally, Petitioner entered the Plea Agreement knowingly and voluntarily. Therefore, appellate waivers contained within the Plea Agreement remain in force on Defendant's appeal.

Finally, the Court finds an appeal from its decision denying Defendant's first and second Grounds for Relief could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Counsel did not provide ineffective assistance during the plea-bargaining process and therefore Defendant has failed to make a substantial showing that he was denied any constitutional right. The Court therefore declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); 28 U.S.C. § 2255, Rule 11(a); FED. R. APP. P. 22(b).

**IT IS SO ORDERED.**

                                            s/ Christopher A. Boyko
                                            **CHRISTOPHER A. BOYKO**
                                            **Senior United States District Judge**

**Dated: June 29, 2020**